UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROOKS L. MAULDIN,

          Plaintiff,         Civil Action No. 13-cv-14224
                                      Honorable Terrence G. Berg
                                      Magistrate David R. Grand
     v.

JEFF KLINK,

          Defendant.
_____/

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT *SUA SPONTE* AND DENY DEFENDANT'S MOTION TO DISMISS [10] AS MOOT

**I.    RECOMMENDATION**

Before the Court is Defendant Jeff Klink's Motion to Dismiss Plaintiff Brooks Mauldin's complaint. [12]. This matter has been referred to this Court for resolution of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Upon review of Mauldin's complaint, and pursuant to the screening requirements for litigants proceeding *in forma pauperis*, the Court RECOMMENDS *SUA SPONTE* DISMISSAL of Mauldin's complaint for failure to state a claim upon which relief can be granted, and DENIAL of Klink's motion to dismiss [10] as moot.

**II.    REPORT**

    **A.    Background**

On October 3, 2013, Mauldin, proceeding *pro se*, filed a "verified complaint"[1] in this Court, alleging jurisdiction under the Fair Housing Act ("FHA") (42 U.S.C. § 3604) and the

---

[1] Its title notwithstanding, Mauldin's complaint was neither accompanied by a sworn statement nor attested to under oath, and thus is not "verified" as required by that provision. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a "verified complaint" is one that is signed under the penalty of perjury pursuant to 28 U.S.C. § 1746).

Fourteenth Amendment, and further alleging that his claims were "redressable pursuant to TXO Production Corporation v. Alliance Resources Corporation 509 U.S. 443 (1993)."[2] (Cplt. at 1). He filed a motion for leave to proceed *in forma pauperis*, which was granted, and the Marshal was directed to serve a copy of the complaint on Defendant Klink. [3, 4].

The actual causes of action asserted in Mauldin's complaint are difficult to parse, but under a liberal reading Mauldin appears to be alleging that Klink, his former landlord, discriminated against him by permitting another tenant to have a dog when he denied Mauldin's request to have one, and that Klink violated Mauldin's right to "peace and quietness" in allowing another tenant to possess a barking dog, and because Klink's "maintenance man," Charles (who is not named as a defendant in this action) made a racially hostile comment towards Mauldin. (Cplt. at 1-2; Resp. Brf. at 6).[3] Mauldin's complaint also appears to allege a claim of slander based on statements Klink and his counsel made in a state court eviction proceeding against Mauldin – that the reason for Mauldin's eviction was due to his smoking crack in the apartment. (Cplt. at 2; Resp. Brf. at 4). Finally, the Court interprets Mauldin as alleging that Klink's property manager, Michael Finnegan, who also has not been named as a defendant in this action,

---

[2] The *TXO Prod. Corp.* case concerned whether a punitive damages amount can be found so excessive as to violate the Due Process Clause of the Fourteenth Amendment. The purpose for Mauldin's reliance on this case to support his complaint is unclear, though the Court assumes it is because the underlying cause of action in *TXO* was "slander of title," which sounds similar to "slander," which appears to be one of the claims in Mauldin's complaint. He may also have included it because it discusses the general notion of punitive damages. It is otherwise inapposite to anything alleged in this case.

[3] Although Mauldin's complaint labels "Charles" as Klink's "maintenance man," a review of the transcript from Mauldin's eviction proceeding reveals that "Charles" is actually the fiancée of one of Mauldin's neighbors, with whom Mauldin and his girlfriend were having a dispute. (Mot. Ex. 2 at 4, 11-12 ("The Court: First of all who is Charles? Defendant Mauldin: Her boyfriend.")). Michael Finnegan, Klink's properly manager, is identified in the transcript as the maintenance person for Klink's property. (Mot. Ex. 2 at 3, 5, 13). Further, Mauldin himself identifies "Charles" in his response brief as one of Klink's "tenants." (Resp. at 6).

assaulted Mauldin when he allegedly "stomped" on Mauldin's foot and kicked him in the knee, committed what could be classified as a "trespass to chattel" when he hit Mauldin's truck with a baseball bat, and committed perjury at the state eviction proceeding when he denied engaging in the above conduct. (*Id.*). Mauldin alleges that the assault "*could* have resulted in injury." (*Id.*) (emphasis added). Mauldin does not allege any other type of injury from the alleged wrongful conduct.

It is undisputed that Klink filed eviction papers against Mauldin for, among other reasons, failure to pay rent, and that at the eviction proceeding, all of the above issues were raised. (Mot. Ex. 2 at 2); *see also infra* fn. 4. It is also undisputed that at the eviction proceeding, Mauldin stated that he wanted to vacate the premises he had been renting from Klink. (*Id.*). Accordingly, the judge presiding over the eviction proceeding signed eviction papers requiring Mauldin to vacate the premises. (*Id.*). Now, however, Mauldin seeks approximately $1.1 million in damages for the above alleged violations of law. (Cplt. at 3). Klink has filed a motion to dismiss, alleging that Mauldin's complaint fails to state a claim upon which relief can be granted. [10].

This is the fifteenth complaint Mauldin has filed in this Court,[4] although the first he has filed against Klink. The majority of Mauldin's other cases have been against the U.S. Department of Homeland Security, his former employer, although one notably was against Attorney General Holder, seeking $1.9 trillion in damages. [No. 12-14464]. Most of those cases were dismissed based on Mauldin's failure to pay the filing fee when his application to proceed *in forma pauperis* was denied. Several of the cases were dismissed on a defendant's motion, and at least two were dismissed *sua sponte* on a screening by the Court under 28 U.S.C. §

---

[4] *See* Case No. 08-13392, 08-13486, 08-14063, 08-14361, 08-15078, 08-15174, 08-15299, 09-10245, 09-10275, 09-10539, 10-12826, 12-10114, 12-10115, 12-14464.

1915(e)(2)(B).

Now, after the having the benefit of Mauldin's response brief to Klink's motion, the Court finds that it can and should dismiss Mauldin's complaint *sua sponte* as part of its duty under 28 U.S.C. § 1915(e) to screen cases filed *in forma pauperis* to ensure they are not frivolous, state a claim upon which relief can be granted, or are seeking monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (a Court "shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim upon which relief can be granted) (emphasis added); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that while Congress enacted 28 U.S.C. §1915 to "ensure that indigent litigants have meaningful access to the federal courts," it also "recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."); *see also Wilson v. Napoleon*, No. 10-13396, 2012 U.S. Dist. LEXIS 146447 (E.D. Mich. Oct. 11, 2012) (dismissing plaintiff's complaint *sua sponte* even after finding that it survived a motion to dismiss based on exhaustion of remedies).

### B. Legal Standard

As noted above, 28 U.S.C. § 1915(e) requires a district court to screen cases filed by plaintiffs proceeding *in forma pauperis*, and to dismiss any complaint if at any time it determines that it either (1) is frivolous; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (*citing Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements.  *Iqbal*, 129 S.Ct. at 1949.  *See also*, *Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009).  Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading."  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S.Ct. at 1949

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be

afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

    **C.**    **Analysis**

        *1.*    *Fair Housing Act*

Mauldin first appears to allege a claim under the Fair Housing Act, 42 U.S.C. § 3604, (the "FHA"), premised on allegations that another tenant was allowed to keep a dog on the premises when he was not so permitted. These allegations fail to state a claim for relief under this statute, which prohibits housing discrimination based on "race, color, religion, sex, handicap, familial status, or national origin," as well as "handicap". *See* 42 U.S.C. § 3604; *Hughes v. Housing Management Servs.*, 215 F.3d 1330 (7th Cir. 2000) ("The FHA, which previously prohibited housing discrimination only on the basis of race, color, religion or national origin, was expanded in 1988 to protect disabled individuals."). Discrimination not based on one of these categories is not actionable under the FHA. Mauldin has not alleged that he was denied the right to keep a dog in his apartment on the basis of his race, color, religion, sex, familial status or national origin. *See Habtemariam v. Adrian*, No. 98-3112, 1999 U.S. App. LEXIS 14128, *5 (6th Cir. June 23, 1999) (plaintiff fails to state a discrimination claim under the FHA where she fails to allege, among other things, that she was a member of a statutorily protected class). Nor has he alleged that he has a disability that requires him to own a service dog. *Overlook Mut. Homes, Inc. v. Spencer*, 666 F. Supp. 2d 850, 853 n.4 (S.D. Ohio 2009) (FHA makes it unlawful to discriminate based on disability and thus pet policies involving disabled individuals must

comply with FHA).

In reality, Mauldin does not appear to allege that race (or any other protected category) played a part in any aspect of his relationship with Klink, such as his ultimate eviction from the premises; nor could he.  According to the transcript of the eviction proceedings[5], the court held that Klink had properly terminated Mauldin's lease, and that an immediate eviction was warranted, because Mauldin and his Caucasian girlfriend had not paid rent and because the girlfriend had sprayed mace in the face of Klink's employee, Finnegan, without any justification whatsoever.  (Def. Mot. Ex. A at 59, 85).  Moreover, Mauldin admitted that it was his own desire to terminate the lease with Klink.  (*Id.* at 47).

Mauldin cannot turn his complaint's passing reference to an instance where another tenant allegedly used a racially derogatory term into an FHA claim.  The relevant portion of Mauldin's complaint, though somewhat difficult to understand, reads as follows: "On April 17, 2012 Ms. Jones [Mauldin's Caucasian live-in girlfriend] called Mr. Klink and said 'We are having a problem with your maintenance man, Charles.'  'He kicked our door and said 'What the fuck are you niggers' doing over there, it stinks in this hallway!'  'They have a dog that barks all day and night'.  Mr. Klink replied 'The dog isn't going nowhere if you don't like it you can give me a thirty day notice and pack your shit and leave!'"  Mauldin does not allege that Klink instructed Charles to make this alleged statement, and as noted above, Mauldin himself has characterized Charles as simply another of Klink's tenants.  *Supra* at 2; supra fn. 3.  Mauldin has provided the Court with no authority, and the Court is not aware of any, by which a landlord could be held responsible under the FHA for one single word (however offensive) uttered by one

---

[5] The Court notes that Mauldin himself has asked the Court to consider that transcript by basing his slander claim on a statement allegedly made during the eviction proceeding and by including snippets from the transcript in his response brief.

7

tenant to another. Moreover, as is clear from Mauldin's own rendition of Jones' conversation with Klink, the issue that Mauldin says interfered with his "quiet enjoyment" of the property was Klink's refusal to allow he and Jones to have a dog, not Charles' comment. Mauldin and his girlfriend, Jones, even said as much. At the eviction hearing, Mauldin stated, "well just to sum it up, we were trying to deal with the problem of the dog…" (Def. Mot., Ex. A at 47). Similarly, Jones testified that the entire dispute about the apartment was related to Klink's refusal to allow them to have a Chihuahua puppy while allowing another renter to keep a pit bull that was disruptive to their enjoyment of the property. (*Id.* at 55) ("It all started over me complaining about that dog…I asked for a Chihuahua, Chihuahua is not as vicious as a Pitbull and he told me absolutely not…And nothing's been handled we hear the dog every night…*that's the only reason we withheld rent, because he wasn't doing nothing about their dog. And then he told us we couldn't have a dog.*") (emphasis added). For all of these reasons, the passing reference in Mauldin's complaint to a racial slur does not state a claim under the FHA against Klink for which relief can be granted.

In sum, even liberally construing Mauldin's complaint, and accepting his allegations as true, he fails to state a claim for relief against defendant Klink for a violation of the FHA.

### 2. *Pendant State Law Claims*

Because Mauldin's complaint asserted federal jurisdiction under the Fourteenth Amendment generally, and 42 U.S.C. § 3204, specifically, and because the Court recommends dismissing the only readily-apparent federal claim in this case,[6] the Court must decide the fate of

---

[6] Although Mauldin also asserts jurisdiction of this case pursuant to the Fourteenth Amendment generally, he fails to make any allegations that could be interpreted as claiming a violation of his rights under that Amendment. The Fourteenth Amendment only protects citizens against conduct that may fairly be attributed to a state, *Fowler v. Thomas Nelson Pub.*, 2009 WL 612385, at *3 (E.D. Mich., Mar. 6, 2009) (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)), and

Mauldin's pendant state law claims.  A federal district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld v. Mario Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

As noted, this Court has recommended dismissing the lone federal claims contained in Mauldin's complaint.  Discovery has not yet begun in this case, and the only remaining potential claims – slander, assault, and breach of contract – arise under Michigan law and are asserted by a Michigan plaintiff against a Michigan defendant.  Accordingly, the factors identified in *Landefeld* weigh in favor of not exercising supplemental jurisdiction over these state law claims.

Because the Court recommends dismissing Mauldin's federal claims pursuant to 28 U.S.C. § 1915(e), and declining to retain supplemental jurisdiction over his state claims, it recommends dismissing his complaint in its entirety.  As a result, the Court further recommends denying Klink's motion to dismiss as moot.[7]

---

Mauldin does not assert that Klink was a state actor.

[7] Even if 28 U.S.C. § 1915 was not an appropriate vehicle for dismissing Mauldin's complaint, this Court would nevertheless recommend granting Klink's motion to dismiss or in the alternative for summary judgment..  As noted above, Mauldin makes no allegations that state a claim for relief under either the FHA or the Fourteenth Amendment generally.  And, upon detailed review of the record, his response brief, which only cites to specific allegations in his complaint and portions of the transcript from his eviction proceeding, raises no genuine issue of material fact as to either potential claim.  *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  *See also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  Moreover, Mauldin has alleged no specific damages that allegedly flowed as a result of any of the conduct alleged, and he himself indicated a desire to vacate the premises.  Therefore, even if this case were not appropriately dismissed pursuant to 28 U.S.C. § 1915, it would nevertheless be properly

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Mauldin's federal claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted, that Mauldin's state law claims be **DISMISSED WITHOUT PREJUDICE**, and that Klink's motion to dismiss or for summary judgment **[10]** be **DENIED AS MOOT**.

Dated: March 25, 2014  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

---

dismissed on Klink's motion.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                                  s/Felicia M. Moses  
                                                  FELICIA M. MOSES  
                                                  Case Manager

Dated:  March 25, 2014